**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL DAILY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | **3:10-CV-00201** |
| **DALLAS COUNTY COMMUNITY** | § | |
| **COLLEGE DISTRICT,** | § | |
| | § | |
| **Defendant** | § | |

**DEFENDANT'S ORIGINAL ANSWER**
**TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

Dallas County Community College District ("Defendant") files its Original Answer to Plaintiff's First Amended Original Complaint (the "Complaint"), and would respectfully show the Court as follows (headings and subheadings correspond to those used in the First Amended Original Complaint):

**I.**
**THE PARTIES**

1.1     Upon information and belief, Defendant admits the allegations of this paragraph.

1.2     Defendant admits the allegations in the first two sentences of Paragraph 1.2 of the Complaint. Defendant further admits it was served with Plaintiff's Complaint and Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964, Chapter 21 of the Texas Labor Code, and for federal and state constitutional and/or statutory violations, for breach of contract, and under the Federal Declaratory Judgment Act, but denies Plaintiff is entitled to any relief sought. Defendant denies the remainder of the allegations in Paragraph 1.2 of the Complaint and denies that Plaintiff's claims have any merit.

## II.
## JURISDICTION AND VENUE

2.1     Defendant admits this Court has jurisdiction over this matter, but denies the remaining allegations in Paragraph 2.1 of the Complaint

2.2     Defendant admits this Court has jurisdiction over this matter, but denies the remaining allegations in Paragraph 2.2 of the Complaint

2.3     Defendant admits the allegations contained in Paragraph 2.3 of the Complaint.

2.4     Defendant admits Plaintiff has asserted state law claims in this matter and that the Court has jurisdiction over those claims, but denies the remaining allegations in Paragraph 2.4 of the Complaint.

2.5     Defendant admits it resides in Dallas County and that all of the actions complained of by Plaintiff occurred in Dallas County, but denies that Plaintiff is entitled to recover on any claims.  Defendant further admits that Dallas County is in the Northern District of Texas and that venue is proper in the Northern District of Texas, but denies the remaining allegations in Paragraph 2.5 of the Complaint.

2.6     Defendant admits a controversy exists between the parties within the meaning of 28 U.S.C. § 2201 and that the Court may exercise its powers under § 2201, but denies the remaining allegations contained in Paragraph 2.6 of the Complaint.

## III.
## FACTUAL BACKGROUND

3.1     Defendant admits that Plaintiff is a current employee and that he has been an employee since 2000.  Defendant admits that Plaintiff worked for a time at the Service Center, has been actively involved in Defendant's prison program, and has been a full-time instructor for

a time at Cedar Valley College. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.2     Defendant admits that Plaintiff had involvement in the federal prison program and at the state prison program in and around Hutchins, Texas. Defendant admits that Plaintiff ceased being a coordinator of a prison program in 2009. Defendant continues to research the remaining allegations of this paragraph and must deny same at this time.

3.3     Defendant denies the allegations of this paragraph.

3.4     Defendant admits that full-time faculty members must teach a full load to receive full compensation. Defendant admits that Plaintiff for a period of time received a forty percent (40%) release because of coordinator duties associated with prison programs. Defendant admits that over time, Plaintiff requested that courses assigned to his base load be taught at the Cedar Valley campus. Defendant denies that there is a historical or customary practice applicable to all faculty regarding extra service classes, but admits that Plaintiff taught a number of extra service classes. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.5     Defendant admits that Plaintiff and a representative or representatives of Cedar Valley College administration had discussions about Plaintiff's teaching, load, request for administrative assistance at the prison program, and request to teach more classes on campus. Defendant admits that Plaintiff is qualified to teach certain classes offered through the Cedar Valley Campus. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.6     Defendant admits that Plaintiff and Dean Johnson had discussions about Plaintiff's teaching duties, and that Dean Johnson at that time preferred that Plaintiff teach any

additional base load courses in the prison program for which Plaintiff was the coordinator. Defendant admits that Plaintiff claimed that Dean Johnson's ideas violated a "reduction criteria" policy but denied that Plaintiff's claim had merit.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

      3.7    Defendant admits that Dean Johnson is African American.  Defendant admits that Sheila Simon, also serving as coordinator of a prison program, is African American.  Defendant admits that Ms. Simon was only teaching one base load class on campus compared to Plaintiff's three and that by permitting Ms. Simon to teach an additional class on campus, more equity was achieved.  Defendant categorically denies and finds insulting any suggestion by Plaintiff that just because an administrator of a different race, a decision with which Plaintiff disagrees is racially motivated.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

      3.8    Defendant admits that for a period of time Plaintiff and Ms. Simon were coordinators for prison programs.  Defendant admits that Plaintiff had a longer tenure as a coordinator in a prison program than Ms. Simon.  Defendant admits that Plaintiff helped start the prison program through Cedar Valley College and that the program began in the federal prison system and expanded into the state prison system.  Defendant admits that Plaintiff transferred from the federal system to the state and that Ms. Simon replaced him in the federal program. Defendant admits that currently the state prison program is larger than the federal prison program.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

      3.9    Defendant denies the allegations of this paragraph.

3.10   Defendant denies the first sentence of this paragraph.   Defendant admits that Plaintiff is qualified to teach certain courses offered at Cedar Valley College.   Defendant admits that Dr. Minger has at Plaintiff's request arranged for Plaintiff to teach courses at Cedar Valley. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.11   Defendant admits that Dr. Wimbish suggested the use of Dr. Tully to facilitate communication on scheduling.   Defendant admits that Dean Johnson initially presented Plaintiff with a proposed schedule with two base load classes on campus and one at the prison program where Plaintiff was coordinator.   Defendant admits that it modified the Schedule at Plaintiff's request.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.12   Defendant admits it agreed to keep Plaintiff advised of campus classes and would work cooperatively with Plaintiff on his schedule, which Defendant did.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.13   Defendant denies the allegations of this paragraph.

3.14   Defendant admits that Plaintiff was presented with a Schedule that had him teaching two base load classes on campus and one at the prison program he coordinated. Defendant admits that Ms. Simon, his peer as a prison program coordinator, also received a Schedule that had her teaching two base load classes on campus and one at the prison program she coordinated.   Defendant admits that Plaintiff had more time as a prison coordinator than Ms. Simon.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.15   Defendant denies that any of Dean Johnson's actions were racially motivated or is the product of intentional race or color discrimination and takes exception to any contention that

a decision with which Plaintiff disagrees is racially motivated.  Defendant agrees that it gave Plaintiff a Christmas holiday assignment for twenty-seven (27) hours of work and paid Plaintiff for twenty-seven (27) hours of work.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.16    Defendant denies that Dean Johnson refused to provide Plaintiff an evaluation, but admits there was a delay in getting the evaluation to Plaintiff.  Defendant has insufficient information to admit or deny if Plaintiff sent an email to Dean Johnson.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.17    Defendant denies the allegations of this paragraph.

3.18    Defendant denies the allegations of this paragraph.

3.19    Defendant admits that Dean Johnson discussed the fairness of Plaintiff and Ms. Simon having similar base loads on campus.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.20    Defendant admits that Plaintiff and Ms. Simon were the two prison program coordinators.  Defendant admits that Plaintiff had served as a prison program coordinator longer than Ms. Simon.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.21    Defendant denies the allegations of this paragraph.

3.22    Defendant denies that there was any discriminatory or retaliatory conduct. Defendant admits that Plaintiff filed a grievance against Dean Johnson.  Defendant admits that Plaintiff filed an EEOC Charge.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.23   Defendant denies that Dr. Jones or anyone else retaliated against Plaintiff. Defendant admits that in late April, Dr. Jones was provided with a copy of Plaintiff's grievance. Defendant admits that the grievance procedure suggests that the person advancing the grievance should be interviewed.  Defendant admits that Dr. Jones did not interview Plaintiff at that time. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.24   Defendant has insufficient information to admit or deny that Plaintiff sent a email. Defendant admits that Dr. Jones issued her response to the grievance on or about May 6, 2009. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.25   Defendant admits that the grievance procedure suggests an interview with the person bringing the grievance.  Defendant states that Dr. Jones' written response speaks for itself.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.26   Defendant admits that a meeting occurred on or about May 12, 20009 between Dr. Jones, Plaintiff, Dr. Thompson and Ms. Speck.  Defendant denies that Dr. Jones stated that she was monitoring Plaintiff.  Defendant admits that Dr. Jones stated that Plaintiff had a talent for lifting a statement out of context, a form of manipulation.  Defendant admits that Dr. Jones asked Plaintiff if he wanted to continue as coordinator of a prison program.  Defendant also admits that Dr. Jones questioned Plaintiff's desire to continue as program coordinator.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.27   Defendant admits that Dr. Jones expressed her belief that Dean Johnson was treating Plaintiff fairly and would do so in the future.  Defendant admits that Dr. Jones discussed the use of a third person to rebuild trust between Plaintiff and Dean Johnson.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.28    Defendant categorically denies that there was a threat, written or otherwise. Defendant admits that Dr. Jones stated that Defendant had no obligation to guarantee Plaintiff or any other facility member extra service classes.   Defendant admits that Dr. Jones stated she would review her findings in light of statements made at the meeting.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.29    Defendant admits that after the meeting had concluded, Dr. Jones advised Plaintiff that there were reports of Plaintiff leaving class early, among other departures from teaching expectations. Defendant denies that Dr. Jones linked Plaintiff's schedule to the reports. Defendant admits that Plaintiff's most recent evaluation contained a favorable rating.   Defendant denies that Plaintiff received a three (3) year contract.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.30    Defendant admits that Plaintiff and Dr. Jones met on or about May 20, 2009. Defendant admits that Dr. Jones discussed temporarily relieving Plaintiff from prison coordinator duties while Cedar Valley evaluated the prison program.   Defendant admits that Dr. Jones and Plaintiff discussed various teaching options.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.   Defendant denies that Plaintiff required any protection from Dean Johnson.

3.31    Defendant   has   insufficient   information   regarding   Plaintiff's   alleged communications with the Texas Department of Criminal Justice and must deny same at this time. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.32    Defendant denies the allegations of this paragraph.

3.33   Defendant admits that Plaintiff filed a grievance against Dr. Jones and that Plaintiff forwarded the grievance to Dr. Wimbish.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.34   Defendant admits that Plaintiff filed a grievance against Dr. Wimbish and that the grievance was forwarded to Defendant's Chancellor.   Defendant admits that the Chancellor appointed Executive Vice Chancellor Ed DesPlas to serve as a grievance officer.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.35   On information and belief Defendant admits that Plaintiff received a letter from the Chancellor which contained several recommendations that required action by Cedar Valley. Defendant admits that the Chancellor suggested the use of an ombudsperson to facilitate communications. Defendant admits that the letter was addressed to Plaintiff and Dr. Wimbish.

3.36   Defendant admits that the Chancellor's letter referenced Plaintiff's allegations and acknowledged his grievances and EEOC Charge. Defendant further states that the letter speaks for itself.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.37   Defendant admits that the Chancellor's letter contained language akin to that listed by Plaintiff; however, a word for word comparison has been conducted.

3.38   Defendant admits that Dr. Thompson and Plaintiff met with Dr. Wimbish on or about October 12, 2009. Defendant admits that Dr. Wimbish expressed that she had not had time to study the Chancellor's letter and that she night need clarification from the Chancellor. Based upon Defendant's investigation to date, Defendant cannot admit or deny the remaining allegations of this paragraph and must deny same at this time.

3.39 Defendant admits that Dr. Wimbish stated that she needed clarification about the implementation date for the recommendations in the Chancellor's letter. Defendant admits that Dr. Wimbish called Plaintiff to explain that the Chancellor's recommendations were to be implemented beginning with the next semester and that Plaintiff should proceed to teach classes at the prison as scheduled. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.40 Defendant admits that Dr. Thompson attempted to speak with Dr. Wimbish about Plaintiff's schedule, but denies that it was a good time for a meeting and denies that Dr. Wimbish intentionally made Dr. Thompson wait. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.41 Defendant admits that Dr. Thompson and Dr. Wimbish had a mismatch of schedules but admits that Dr. Wimbish called Dr. Thompson to report that the College expected to have a schedule to Plaintiff shortly. Defendant admits that Dr. Wimbish reported that Plaintiff's credentials were being reviewed, as were those of all Cedar Valley faculty, in preparation for a SACS audit. Defendant admits that Cedar Valley on an ongoing basis is reviewing the qualifications of all faculty to ensure that faculty are qualified to teach certain courses. Defendant admits that as part of that review, Plaintiff has been determined to be qualified to teach a number of classes at Cedar Valley and in connection with the prison program. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.42 Defendant denies that Plaintiff was not consulted about his classes. Defendant admits that Plaintiff supplied Dr. Wimbish with emails. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.43    Defendant admits that Dr. Thompson and Plaintiff met with Ms. Speck, that Ms. Speck had a copy of the Chancellor's letter, and that there was a recommendation made that the Chancellor's letter be shared with Dr. Vivian Lilly and Dean Johnson.  Defendant admits that Dr. Lilly was the new Vice President of Instruction.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.44    Defendant admits that Plaintiff and Dr. Thompson met with Dr. Lilly and Dean Johnson.  Defendant denies that Dr. Minger refused or failed to attend.  Defendant admits that the parties to the meeting agreed that Ms. Simon need not attend.  Defendant admits that Plaintiff and Dr. Thompson recommended that Dr. Lilly and Dean Johnson receive a copy of the Chancellor's letter.  Because of a miscommunication, Defendant admits that there was confusion about whether the proposed schedule for Plaintiff complied with the Chancellor's letter.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.45    Defendant admits that because of a miscommunication there was confusion over whether the proposed schedule for Plaintiff complied with the Chancellor's letter.   On information and belief, Defendant admits that Dr. Lilly and Dean Johnson had not yet seen the Chancellor's letter, adding to the confusion.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.46    Defendant admits that Dr. Thompson emailed Denys Blell, Executive Vice Chancellor of Human Resources asking for a meeting regarding the Chancellor's letter.  Upon information and belief, Defendant admits that Dr. Wimbish emailed Plaintiff seeking clarification on matching Plaintiff's schedule to the Chancellor's letter.  Defendant admits that Dean Johnson spoke to Plaintiff before class; Defendant denies that Dean Johnson interrupted Plaintiff's lecture.

3.47   Defendant admits that Dean Johnson came to Plaintiff's office to discuss Plaintiff's schedule and that the two cordially discussed scheduling issues. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.48   Defendant denies any preferential treatment to Ms. Simon. Defendant admits that Plaintiff approached Ms. Simon about trading classes and that Ms. Simon originally agreed to do so, forgetting that she had committed to teach the class as part of a learning community, a commitment she believed she needed to keep. Defendant admits that Plaintiff and Dean Johnson continued to communicate about Plaintiff's schedule but denies that Dean Johnson took a class from Plaintiff and gave it to Ms. Simon.

3.49   Defendant admits that when Ms. Simon remembered her commitment to teach the class as part of a learning community, she communicated that commitment to Plaintiff. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.50   Based upon the investigation conducted to date, Defendant has insufficient information to admit or deny the allegations of this paragraph and must deny same at this time.

3.51   Defendant admits that Plaintiff expressed concerns about his Spring schedule and raised questions about the viability of the classes. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.52   Defendant admits that one base load course included in Plaintiff's proposed scheduled called for the development of a new online curriculum. Defendant further admits that as the faculty member for the new class, it was Plaintiff's responsibility to develop the curriculum. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.53    Defendant admits that a prison class that was put on his Fall 2009 schedule was not designed to end on December 10, 2009.  However, Defendant denies that this was unusual since prison classes were not taught on the same calendar as classes on campus.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.54    Defendant admits that Plaintiff and Defendant disagreed over whether extra compensation was due.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.55    Defendant admits that to address Plaintiff's protests over teaching beyond December 10, 2009, it accommodated him by finding another instructor to teach the remainder of the course.  This action also ensured that Plaintiff could start a full base load on campus in the Spring 2010 semester without being encumbered by the prison class.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.56    Defendant incorporates by reference its response to paragraph 3.55.  Defendant admits that it retained a replacement instructor to teach the remainder of the prison program class.   Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.57    Defendant denies the allegations of this paragraph.

3.58    Defendant admits that Dr. Minger has met with Plaintiff.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.59    Defendant admits that it proposed using a third-party mediator, but denies that it has refused to permit Dr. Tully to serve as a third party communication facilitator.  Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

3.60    Defendant denies the allegations of this paragraph.

3.61     Defendant denies the allegations of this paragraph.

3.62     Defendant has insufficient information to admit or deny if Dean Johnson gave contact information to a student.  Defendant has insufficient information to admit or deny the referenced email exchange with Dr. Minger and cannot accept Plaintiff's characterization of the alleged exchange.  Defendant denies any adverse action against Plaintiff's spouse.  Defendant denies the allegations of this paragraph.

3.63     Defendant denies discriminatory or retaliatory conduct.   Upon information and belief, Defendant admits that Plaintiff supplemented his complaints to administrative agencies. Defendant denies the remaining allegations of this paragraph.

3.64     Defendant admits that Dr. Tully asked to meet with Plaintiff and that Dr. Thompson also attended the meeting.  Defendant admits that during the meeting Dr. Tully represented that the Chancellor believed Plaintiff's issues should be able to be addressed satisfactorily on campus.  Defendant denies that Dr. Tully communicated that the Chancellor would never be involved under any circumstances.  Defendant denies the remaining allegations of this paragraph.

3.65     Defendant denies the allegations of this paragraph.

3.66     Defendant denies the allegations of this paragraph.

**IV.**
**CAUSES OF ACTION**

4.1     Defendant need not admit or deny the statement made in Paragraph 4.1 of the Complaint regarding alternative pleading.

**A.     Count One:**

**Violation of Title VII of the Civil Rights Act of 1964:**
**Discrimination and Retaliation**

4.2     Defendant incorporates its answers to Paragraphs 1.1 through 4.1 of the Complaint.

4.3     Defendant denies the allegations in Paragraph 4.3 of the Complaint.

4.4     Defendant denies the allegations in Paragraph 4.4 of the Complaint.

**B.     Count Two:**

**Violations of Chapter 21 of the Texas Labor Code:
Discrimination and Retaliation**

4.5     Defendant incorporates its answers to Paragraphs 1.1 through 4.4 of the Complaint.

4.6     Defendant denies the allegations in Paragraph 4.6 of the Complaint.

4.7     Defendant denies the allegations in Paragraph 4.7 of the Complaint.

**C.     Count Three:**

**Violations of the United States Constitution, Fifth and Fourteenth Amendments
and the Texas Constitution, Article I, § 8: Free Speech**

4.8     Defendant incorporates its answers to Paragraphs 1.1 through 4.7 of the Complaint.

4.9     Defendant denies the allegations in Paragraph 4.9 of the Complaint.

4.10    Defendant denies the allegations in Paragraph 4.10 of the Complaint.

4.11    Defendant denies the allegations in Paragraph 4.11 of the Complaint.

4.12    Defendant denies the allegations in Paragraph 4.12 of the Complaint.

**D.     Count Four:**

**Violations of the United States Constitution, Fourteenth Amendment,
and the Texas Constitution, Article I, § 19: Procedural and Substantive Due Process**

4.13    Defendant incorporates its answers to Paragraphs 1.1 through 4.12 of the Complaint.

4.14    Defendant denies the allegations in Paragraph 4.14 of the Complaint.

4.15    Defendant denies the allegations in Paragraph 4.15 of the Complaint.

4.16    Defendant denies the allegations in Paragraph 4.16 of the Complaint.

4.17    Defendant denies the allegations in Paragraph 4.17 of the Complaint.

4.18    Defendant denies the allegations in Paragraph 4.18 of the Complaint.

4.19    Defendant denies the allegations in Paragraph 4.19 of the Complaint.

4.20    Defendant denies the allegations in Paragraph 4.20 of the Complaint.

**E.    Count Five:**

### Violations of the United States Constitution, Fourteenth Amendment, And the Texas Constitution, Article I §§ 3 and 3a: Equal Protection

4.21    Defendant incorporates its answers to Paragraphs 1.1 through 4.20 of the Complaint.

4.22    Defendant denies the allegations in Paragraph 4.22 of the Complaint.

4.23    Defendant denies the allegations in Paragraph 4.23 of the Complaint.

4.24    Defendant denies the allegations in Paragraph 4.24 of the Complaint.

4.25    Defendant denies the allegations in Paragraph 4.25 of the Complaint.

**F.    Count Six:**

### Violations of 42 U.S.C. § 1981

4.26    Defendant incorporates its answers to Paragraphs 1.1 through 4.25 of the Complaint.

4.27    Defendant denies the allegations in Paragraph 4.27 of the Complaint.

4.28    Defendant denies the allegations in Paragraph 4.28 of the Complaint.

G.    **Count Seven:**

### Violations of 42 U.S.C. § 1985

4.29    Defendant incorporates its answers to Paragraphs 1.1 through 4.28 of the Complaint.

4.30    Defendant denies the allegations in Paragraph 4.30 of the Complaint.

4.31    Defendant denies the allegations in Paragraph 4.31 of the Complaint.

H.    **Count Eight:**

### Violation of Chapter 106 of the Texas Civil Practices & Remedies Code: Discrimination Because of Race and/or Color

4.32    Defendant denies the allegations in Paragraph 4.32 of the Complaint.

4.33    Defendant denies the allegations in Paragraph 4.33 of the Complaint.

4.34    Defendant denies the allegations in Paragraph 4.34 of the Complaint.

I.    **Count Nine:**

### Breach of Contract

4.35    Defendant incorporates its answers to Paragraphs 1.1 through 4.34 of the Complaint.

4.36    Defendant denies the allegations in Paragraph 4.36 of the Complaint.

4.37    Defendant denies the allegations in Paragraph 4.37 of the Complaint.

4.38    Defendant denies the allegations in Paragraph 4.38 of the Complaint.

J.    **Count Ten:**

### Federal Declaratory Judgment Act

4.39    Defendant incorporates its answers to Paragraphs 1.1 through 4.38 of the Complaint.

4.40    Defendant denies the allegations in Paragraph 4.40 of the Complaint.

## V.
## REQUESTED RELIEF

5.1    Defendant admits Plaintiff filed a Complaint alleging various violations of law by Defendant, but denies that such violations occurred and avers there are no facts in law or equity that would warrant granting the relief requested in Paragraph 5.1 of the Complaint.

5.2    Defendant admits Plaintiff filed a Complaint alleging various violations of law by Defendant, but denies that such violations occurred and avers there are no facts in law or equity that would warrant granting the relief requested in Paragraph 5.2 of the Complaint.

5.3    Defendant admits Plaintiff filed a Complaint alleging various violations of law by Defendant, but denies that such violations occurred and avers there are no facts in law or equity that would warrant granting the relief requested in Paragraph 5.3 of the Complaint.

5.4    Defendant admits Plaintiff filed a Complaint alleging various violations of law by Defendant, but denies that such violations occurred and avers there are no facts in law or equity that would warrant granting the relief requested in Paragraph 5.4 of the Complaint.

5.5    Defendant admits Plaintiff filed a Complaint alleging various violations of law by Defendant, but denies that such violations occurred and avers there are no facts in law or equity that would warrant granting the relief requested in Paragraph 5.5 of the Complaint.

5.6    Defendant admits Plaintiff filed a Complaint alleging various violations of law by Defendant, but denies that such violations occurred and avers there are no facts in law or equity that would warrant granting the relief requested in Paragraph 5.6 of the Complaint.

5.7    Defendant admits Plaintiff filed a Complaint alleging various violations of law by Defendant, but denies that such violations occurred and avers there are no facts in law or equity that would warrant granting the relief requested in Paragraph 5.7 of the Complaint.

5.8     Defendant admits Plaintiff filed a Complaint alleging various violations of law by Defendant, but denies that such violations occurred and avers there are no facts in law or equity that would warrant granting the relief requested in Paragraph 5.8 of the Complaint.

5.9     Defendant admits Plaintiff filed a Complaint alleging various violations of law by Defendant, but denies that such violations occurred and avers there are no facts in law or equity that would warrant granting the relief requested in Paragraph 5.9 of the Complaint.

## VI.
## FEES, COSTS, AND INTEREST

6.1     Defendant admits Plaintiff retained the law firm of Hill Gilstrap, P.C., but is without sufficient knowledge to admit or deny the allegations regarding the agreement between Plaintiff and his counsel and therefore denies those allegations. Defendant denies Plaintiff is entitled to attorneys' fees as alleged in Paragraph 6.1 of the Complaint.

6.2     Defendant admits Plaintiff seeks to recover the fees alleged in Paragraph 6.2 of the Complaint, but denies that such recovery is warranted and avers there are no facts in law or equity that would warrant granting such recovery.

6.3     Defendant admits Plaintiff seeks to recover the fees alleged in Paragraph 6.3 of the Complaint, but denies that such recovery is warranted and avers there are no facts in law or equity that would warrant granting such recovery.

## VII.
## CONDITIONS PRECEDENT

7.1     Defendant denies the allegations in Paragraph 7.1 of the Complaint.

## VIII.
## DEMAND FOR JURY TRIAL

8.1     Defendant admits Plaintiff has requested a Jury Trial.

## PRAYER

Defendant is not required to admit or deny the allegations contained in the Prayer section of Plaintiff's Complaint.  However, Defendant avers there are no facts in law or equity that would warrant granting such recovery.

## DEFENDANT'S DEFENSES

1.      With respect to some or all of Plaintiff's claims, the Complaint fails to state a claim upon which relief can be granted.

2.      Some or all of the Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination plaintiff filed with the EEOC.

3.      With respect to some or all of Plaintiff's claims, plaintiff has failed to timely and properly exhaust all administrative remedies.

4.      Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

5.      Defendant affirmatively pleads that to the extent Plaintiff is able to prove that any improper motive was a factor in relevant employment decisions made, the same employment decisions regarding Plaintiff would have been made regardless of any alleged improper motive.

6.      Defendant affirmatively pleads that Plaintiff's claim for damages is barred in whole or in part by his failure to mitigate his alleged damages.

7.      Defendant has in place a clear and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

8.     Defendant's conduct was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of any state law, and therefore, Plaintiff fails to state a claim for punitive damages.

9.     Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions and/or inaction.

10.     Plaintiff cannot state a claim pursuant to 42 U.S.C. §1981.

11.     Application of 42 U.S.C. § 1983 and 1985 to Defendant has an impermissible chilling effect on the internal academic affairs of Defendant.

12.     The provisions of the First, Fifth and Fourteenth Amendments to the United States and Texas Constitutions do not apply to private conduct by Defendant.

13.     The Complaint fails to state a claim under 42 U.S.C. § 1985. Without limiting the scope of the foregoing sentence, any such claim is barred by the absence of any conspiracy cognizable under that statute and the absence of any state action.

14.     Plaintiff has failed to plead the elements of a conspiracy with sufficient specificity to put Defendant on notice of the claims against them, in violation Defendant's right to due process of law protected by the Fifth Amendment to the United States Constitution.

15.     Some of the Plaintiff's claims are preempted or otherwise foreclosed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and/or by other federal law.

16.     Defendant hereby preserve any and all state and federal constitutional defenses to punitive damages not set forth specifically herein, including those based on the due process clauses of the United States and Texas Constitutions.

17.    Plaintiff's claims fail because Defendant's policies do not constitute a contract between Plaintiff and Defendant.

18.    Defendant has complied in all respects with the material terms of any alleged contract between Plaintiff and Defendant.

19.    Some of Plaintiff's claims are barred by the statute of frauds.

20.    Defendant asserts there are no facts in law or equity that would warrant granting the declaratory relief requested by Plaintiff.

21.    To the extent that Plaintiff seeks an overlapping or duplicative recovery pursuant to his various claims for any alleged single wrong, Plaintiff must elect his remedies at the appropriate time.

22.    Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff has failed to mitigate his damages, if any.

23.    There is no basis, and in any event, insufficient factual predicate, for Plaintiff's claim for exemplary damages.

24.    Plaintiff's exemplary damage claim is limited by TEX. CIV. PRAC. & REM. CODE § 41.008.

25.    Defendants did not act willfully, recklessly or maliciously, and, therefore, an award of exemplary damages is not appropriate.

26.    Plaintiff's claims for exemplary damages are barred to the extent that the imposition of punitive damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

27.    Plaintiff is not entitled to punitive damages and all damages sought are subject to limits set by 42 U.S.C. § 1981a and the damage caps of Title VII.

28.     Defendant engaged in good faith efforts to comply with the Civil Rights Law. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of Title VII or any other statutory provision, and therefore plaintiff fails to state a claim for punitive damages.

29.     Defendant is not liable for punitive damages because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

Defendants reserve the right to amend this Answer to assert additional affirmative defenses and defenses as may be applicable during the course of this litigation.

Respectfully submitted,


/s Michael R. Buchanan
Michael R. Buchanan
State Bar No. 03288300
Kristin M. Snyder
State Bar No. 24046880
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 700
Dallas, TX 75225-4324
214-987-3800
Facsimile:  214-987-3927
Mike.Buchanan@ogletreedeakins.com
Kristin.Snyder@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on May 28, 2010, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following CM/ECF participant:

Frank Hill
Michael Y. Kim
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, Texas 76013
fhill@hillgilstrap.com
mkim@hillgilstrap.com

/s Michael R. Buchanan
Michael R. Buchanan